UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NOEL D.E. DANDY            :
                           :
v.                         :       C.A. No. 18-00647-WES
                           :
TRAVELERS AID HOUSING,     :
LP, et al.

**MEMORANDUM AND ORDER**

Pending before me for determination is Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF Doc. No. 2). On November 30, 2018, Plaintiff filed a pro se Complaint consisting of over 50 pages and over 300 paragraphs, and accompanied by additional exhibits exceeding 200 pages. He has also filed a Motion (ECF Doc. No. 3) seeking relief from a civil judgment of eviction for non-payment of rent entered against him in state court on November 26, 2018. See Travelers Aid Housing, LP v. Dandy, 6CA-2018-13227 (Sixth Div., R.I. Dist. Court).[1]

Plaintiff's pro se filings are lengthy, confusing and purport to outline a course of events going back several years. His Complaint contains a significant amount of immaterial and impertinent information. In addition, his Civil Cover Sheet is indecipherable and offers no clear insight as to the bases of Plaintiff's claims. (See ECF Doc. No. 1-5). Plaintiff claims that he was denied proper housing by Defendant and that he was injured on its property. (ECF Doc. No. 1 at

---

[1] Such Motion is an impermissible attempt by Plaintiff to challenge a state court judgment in federal court and thus it is barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine limits federal court jurisdiction over claims, such as Plaintiff's Motion, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

p. 1). However, his Complaint as drafted fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain statement" of (1) the grounds for this Court's jurisdiction; (2) the claim showing that the individual is legally entitled to relief; and (3) the relief sought. Because Plaintiff is seeking to proceed IFP without payment of the $400.00 civil case filing fee, the Court is required to preliminarily review his Complaint under 28 U.S.C. § 1915(e)(2) and to dismiss it if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." Since Plaintiff's Complaint is lengthy, confusing and fails to comply with Rule 8, the Court is unable to undertake the preliminary review required by 28 U.S.C. § 1915(e)(2). Accordingly, Plaintiff is ORDERED to file an Amended Complaint on or before December 31, 2018 which complies with Rule 8's "short and plain statement" requirement and allows the Court to understand the legal and factual bases for Plaintiff's claims and to determine if the Complaint should proceed after review under 28 U.S.C. § 1915(e)(2). Failure of Plaintiff to file an Amended Complaint which complies with Rule 8 as ORDERED herein will result in a recommendation to Chief Judge Smith that Plaintiff's IFP Motion be DENIED and this pending Complaint DISMISSED without prejudice.

SO ORDERED

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 4, 2018